# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-070 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

*Pro se* plaintiff John Pruitt filed this 42 U.S.C. § 1983 Complaint alleging various procedural defects in his state-court prosecution and seeking damages. *See* doc. 1. Since his original Complaint was no more than "a mishmash of state criminal court exhibits and his own handwritten creation," the Court directed him to file an Amended Complaint on the Court's form. Doc. 8. He has complied. Doc. 9. The Court, therefore, proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in Pruitt's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir.

Pruitt alleges that the basis for his current (and apparently ongoing) criminal prosecution is defective. *See* doc. 9 at 5 (contending that the alleged basis of his arrest for "terroristic threats . . . is not sufficient to warrant a conviction," and that he, rather than his assailant, was arrested after a knife attack). He objects that, although the state court has granted him a bond he lacks the funds to pay it. He has, therefore, "been in jail 16 months." *Id.* at 6. He seeks "$1.5 million dollars or [compensation] for every day I have been in the Chatham County Jail illegally." *Id.*

Liberally construed, the Complaint asserts a malicious prosecution claim.[2] While malicious prosecution can form the basis of a § 1983 claim,

---

2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2]  The Supreme Court has explained that where a § 1983 claim is premised upon an allegation of an invalid warrant, as opposed to a warrantless arrest, it is analogous to a malicious prosecution claim. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (a false arrest claim arises when a plaintiff is detained without legal process, a malicious prosecution claim arises from the wrongful institution of such process). Pruitt alleges that, although he is "not guilty" he was taken into custody after a third party "file[d] a[n[ arrest warrant against [him]." Doc. 9 at 5. He has apparently also had a bond hearing, as he alleges the amount of that bond. *Id.* at 6. Thus, the Court construes his claim as alleging malicious prosecution, rather than false arrest.

Pruitt's Amended Complaint obliquely touches on several other possible claims, but none is viable. First, his objections to his prosecution might imply a request that this Court intervene. He is clear in seeking monetary damages, *see* doc. 9 at 6 ("the State of Georgia should pay me for being in jail illegally and going through this injustice"), and he never expressly seeks this Court's intervention, however. The

"[o]ne element that must be alleged and proved . . . is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphry*, 512 U.S. 477, 484 (1994). It is only *after* an illegal conviction or detention "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

closest he comes to seeking intervention is to protest his innocence of the pending charges. *See id.* at 3 ("I am not guilty and the judges will not dismiss the case for lack of evidence."). The Court will not construe those protestations as requesting any relief. *See Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are liberally construed]. This leniency does not give a court license to serve as *de* facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotes and cite omitted). Regardless, the Court is not empowered to intervene in his prosecution. "*Younger v. Harris*, [401 U.S. 37 (1971)], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S 423, 431 (1982).

Pruitt also protests that, although a bond has been set, he lacks sufficient funds to pay it and secure his release pending trial. Doc. 9 at 6 (alleging his "bond is $7,500[, but he has] no money to bond out so [he has] been in jail 16 months"). The Eighth Amendment prohibits "excessive" bail, but Pruitt's protest is not sufficient. *See, e.g., Jackson v. Mizzola*, 2007 WL 2212669 at *2 (M.D. Ga. July 30, 2007) (citation omitted) ("The inability of a defendant to post bail does not necessarily mean that the bail is excessive," in the absence of any allegations concerning criminal history, "the *complete* charges against him," his community connections, or flight risk (emphasis added)). In any case, the proper way to challenge excessive bail is through a petition for habeas corpus. *See id.* (citing *Jones v. Grimes*, 219 Ga. 585 (1964)); *see also Morgan v. St. Lawrence*, 2007 WL 1812630 at * 2 (S.D. Ga. June 19, 2007) (citations omitted) ("Challenges to the denial of bail or the setting of pretrial release conditions have been addressed in the Georgia courts, both on state habeas and appeal.").

Finally, Even if Pruitt's claim were not substantively deficient, the State of Georgia is not a viable defendant. The State is immune from suit, whether under § 1983 or otherwise, under the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 340 (1979) (cites omitted). Since Pruitt's claim is dead on arrival, the identity of an appropriate defendant (if any) is irrelevant.

determination, or called into question by a federal court's issuance of a writ of habeas corpus," that a claim for damages under § 1983 is viable. *Id.* at 487. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.*

Accordingly, his Complaint should be **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1) (allowing dismissal if a complaint "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."). His "amended" motion to proceed *in forma pauperis* should be **DENIED** as moot. Doc. 10.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects no average monthly balance or deposits. Doc. 5. He therefore does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>15th</u> day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA